UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNI SHEVIN-SANDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20 C 1181 |
| | ) |
| ATHLETIC SPECIALTIES, LLC, and | ) Judge Rebecca R. Pallmeyer |
| SCOTT E. PALMBERG, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Plaintiff Bonni Shevin-Sandy was the owner of Dard Products, Inc. ("Dard"). In January 2019, Plaintiff and Dard entered into an Asset Purchase Agreement with Defendant Athletic Specialties, LLC ("AS"), whose sole member is Defendant Scott Palmberg ("Palmberg"). AS agreed to pay Plaintiff $1,000,000 in monthly installments for the purchase of Dard. After the APA closed and Plaintiff transferred title of Dard to AS, Plaintiff also performed services for AS to assist with the business's continued operations ("Post-Closing Services"). Plaintiff claims that she has not received the monthly payments agreed to by AS, nor has she been reimbursed for her out-of-pocket expenses related to the Post-Closing Services, despite AS and Palmberg's having agreed on multiple occasions to do so. Plaintiff brings a claim for breach of contract against AS for the monthly payments, and asserts claims of unjust enrichment and promissory estoppel against both AS and Palmberg for her out-of-pocket expenses in connection with the Post-Closing Services.[1] Palmberg moves to dismiss the claims against him under Rule 12(b)(6) for failure to state a claim on the grounds that he is not individually liable, as the Post-Closing Services were provided to AS, not Palmberg. For the reasons stated below, Palmberg's motion to dismiss [17] is granted.

---

[1] The court's jurisdiction is secure: Ms. Shevin-Sandy is a citizen and resident of California. Defendant AS, LLC is a Texas limited liability company whose principal place of business is in Tyler, Texas. The only member of AS is Defendant Palmberg, who is a citizen and resident of Illinois. Far more than $75,000 is at stake. (Compl. [1] ¶¶ 2-5.)

**BACKGROUND**

This suit arises from an Asset Purchase Agreement ("APA") between Plaintiff Shevin-Sandy and Defendant AS. (Compl. [1] ¶ 11.) Plaintiff was sole owner of Dard, an Illinois corporation that manufactured and distributed advertising specialties and promotional items before its involuntarily dissolution in January 2020. (*Id.* ¶ 9.) In January 2019, Dard and Plaintiff entered into the APA with Defendant AS, whose sole member is Defendant Palmberg. (*Id.* ¶¶ 3, 11.) Plaintiff and Dard agreed to sell Dard along with its properties, equipment, and other assets. (*Id.* ¶ 12.) AS agreed to pay Plaintiff $1,000,000 in monthly installments, starting with $5,000 per month for the first five months, and then $16,250 per month for the remaining sixty months. (*Id.* ¶ 13.) Following the closing of the APA and the transfer of title to AS, Plaintiff also performed services for AS to assist with the continued operation of the business ("Post-Closing Services"). (*Id.* ¶ 17.) The Post-Closing Services included, but were not limited to, working with customers at trade shows, training AS employees, and hosting webinars. (*Id.* ¶ 18.) Plaintiff claims she incurred more than $10,000 in out-of-pocket expenses related to the Post-Closing Services. (*Id.* ¶ 19.)

Plaintiff alleges that she has not received any of the payments owed under the APA nor reimbursement for her expenses in connection with the Post-Closing Services. (*Id.* ¶¶ 16, 19.) Plaintiff now brings a claim of breach of contract against AS for the monthly payments. (*Id.* ¶¶ 21–26.) In addition, she brings claims of unjust enrichment and promissory estoppel against both AS and Palmberg for the out-of-pocket expenses in connection with the Post-Closing Services, claiming that AS and Palmberg agreed on multiple occasions to, at a minimum, reimburse her for those expenses. (*Id.* ¶¶ 27–42.)

**LEGAL STANDARD**

Palmberg has moved to dismiss the claims against him under Rule 12(b)(6). In order to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion to dismiss, the court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). The court may consider the complaint, "documents that are attached to the complaint, documents that are central to the complaint and referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

## DISCUSSION

AS is a Texas limited liability company, and Palmberg is a resident of Illinois. The parties invoke both Texas and Illinois law in their arguments without briefing the choice-of-law issue, but the substantive law governing limited liability companies in the two states is largely the same.

Under Texas law, "[a] member of a limited liability company may be named as a party in an action by or against the limited liability company only if the action is brought to enforce the member's right against or liability to the company." TEX. BUS. ORGS. CODE § 101.113. The statute provides, further, that "[e]xcept as and to the extent the company agreement specifically provides otherwise, a member or manager is not liable for a debt, obligation, or liability of a limited liability company, including a debt, obligation, or liability under a judgment, decree, or order of a court." TEX. BUS. ORGS. CODE § 101.114.

The Illinois law governing individual liability of a member of a limited liability company states, in pertinent part, as follows:

> **(a)** Except as otherwise provided in subsection (d) of this Section, the debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the company. A member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager.
>
> . . .

> **(d)** All or specified members of a limited liability company are liable in their capacity as members for all or specified debts, obligations, or liabilities of the company if:
> **(1)** a provision to that effect is contained in the articles of organization; and
> **(2)** a member so liable has consented in writing to the adoption of the provision or to be bound by the provision.

805 ILCS 180/10-10.

Under both states' statutes, Palmberg is not personally liable for the LLC's debts related to the Post-Closing Services unless he agreed to accept such liability. Plaintiff has not alleged that he did so. Accordingly, Palmberg is not personally liable for AS's debts in these circumstances. *See Kennebrew v. Harris*, 425 S.W.3d 588, 601 (Tex. Ct. App. 2014) ("[The plaintiff company] is a limited-liability company, and by statute, a member or manager of such a company is not liable for any of the company's debts, obligations, or judgments unless 'the company agreement specifically provides otherwise.'") (quotation omitted); *IOS Capital, Inc. v. Phoenix Printing, Inc.,* 808 N.E.2d 606, 612, 348 Ill. App. 3d 366, 373 (4th Dist. 2004) ("Because officers and directors owe fiduciary duties to the corporation and its shareholders, their freedom of action aimed toward corporate benefit should not be curtailed by undue fear of liability. Directors and officers must be free to act in pursuit of what they faithfully believe to be in their corporation's best interests.") (quotation omitted). Plaintiff nonetheless seeks to hold Palmberg liable for the Post-Closing Services, advancing theories of unjust enrichment and promissory estoppel. This statutory immunity from the LLC's debts, however, shields Palmberg from liability under Plaintiff's tort theories, as well.

**I.     Unjust Enrichment**

Under Illinois law, "[a] plaintiff may recover under the theory of unjust enrichment if the defendant unjustly retained a benefit to plaintiff's detriment, and 'defendant's retention of the benefit violates the fundamental principles of justice, equity and good conscience.'" *Stathis v. Geldermann, Inc.*, 692 N.E.2d 798, 811, 295 Ill. App. 3d 844, 864 (1st Dist. 1998) (citation omitted). Similarly, under Texas law, "unjust enrichment occurs when the person sought to be charged has wrongfully secured a benefit or has passively received one which it would be

4

unconscionable to retain." *Tex. Integrated Conveyor Sys. v. Innovative Conveyor Concepts*, 300 S.W.3d 348, 367 (Tex. Ct. App. 2009) (citation omitted).

Plaintiff alleges that both AS and Palmberg received the benefit of the Post-Closing Services without reimbursing her. (Compl. ¶ 32.) The allegations in the complaint, however, support only that Plaintiff performed those Post-Closing Services to assist AS. Plaintiff, for example, worked with Dard customers on behalf of Palmberg and AS, trained AS employees, hosted webinars on behalf of AS, developed a business plan for AS, and operated Dard after the sale closed to benefit AS. (*Id.* ¶ 18.) That is, the complaint indicates that it was AS who was unjustly enriched by those services. *Cf. Midcoast Aviation, Inc. v. Gen. Elec. Credit Corp.*, 907 F.2d 732, 739–40 (7th Cir. 1990) (affirming *quantum meruit* verdict against third party that benefitted from plaintiff's work and enticed plaintiff to undertake the work). Plaintiff asserts that as the sole owner of AS, the Post-Closing Services "necessarily benefitted Palmberg . . . by improving or maintaining the Business's value and by reducing Palmberg's personal workload." (Pl.'s Resp. to Mot. to Dismiss ("Pl.'s Resp.") [23] at 4.) This may be true, but these allegations do not appear in the complaint, and in any case, the logical conclusion of this reasoning is that the owner of a limited liability corporation would be personally liable for the unjust enrichment of that company. That runs contrary to the state limited liability statutes. Because Palmberg's enrichment was in his capacity as a member of AS, he cannot be held liable as a matter of law, and Plaintiff has failed to state an unjust enrichment claim against him.

## II.     Promissory Estoppel

In order to recover for promissory estoppel, a plaintiff must show that 1) a defendant made an unambiguous promise to the plaintiff, 2) the plaintiff relied on that promise, 3) that reliance was expected and foreseeable by defendant, and 4) that the reliance was to the detriment of the plaintiff.[2] *See Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 827 (7th Cir. 2015); *Matthews v.*

---

[2] Both parties cite Illinois law for the elements of a promissory estoppel claim so the court will do the same. (*See* Mem. in Supp. Mot. to Dismiss [17] at 4–5; Pl.'s Resp. at 5.)

5

*Chicago Transit Auth.*, 51 N.E.3d 753, 780, 2016 IL 117638, ¶ 95 (Ill. 2016). Plaintiff alleges that Palmberg made promises to pay her, and she relied on those promises to her detriment.

Indeed, the promises at issue in this claim—to pay for the Post-Closing Services separately from the APA—were made by Palmberg. But accepting Plaintiff's allegations as true, nothing in the complaint supports that Palmberg made the promises on his own behalf. *Cf. Meyer*, 796 F.3d at 827–28. As Plaintiff notes in her complaint, all of the Post-Closing Services that she provided were in furtherance of the business that AS had purchased from her. (Compl. ¶ 18.) True, Palmberg made the promises to reimburse Plaintiff, (*id.* ¶ 19), but business entities must always act through agents, *see, e.g., Downtown Disposal Servs., Inc. v. City of Chicago*, 979 N.E.2d 50, 54, 2012 IL 112040, ¶ 17 (Ill. 2012), and Plaintiff does not allege that Palmberg was acting in an individual capacity rather than in his capacity as member and executive of AS. In fact, the allegations in the complaint suggest otherwise; for example, the APA makes clear that Palmberg signed the contract as representative of AS. (APA at 24, Ex. 1 to Compl. [1-1].) Accordingly, and as discussed above, absent an agreement to guarantee the promise, Palmberg is not personally liable for the debts of AS. The court finds that Plaintiff has failed to plausibly state a promissory estoppel claim against Palmberg as a matter of law.

## CONCLUSION

For the above reasons, the court concludes that Defendant Palmberg is not liable for the claims of unjust enrichment and promissory estoppel. The motion to dismiss [17] is granted and Defendant Palmberg is dismissed from this case without prejudice.

ENTER:

Date: August 17, 2020

REBECCA R. PALLMEYER
United States District Judge

6